## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP. | : | CIVIL ACTION |
| Plaintiff | : | NO.: |
| vs. | : | |
| ACE AMERICAN INSURANCE CO. | : | |
| ACE PROPERTY AND CASUALTY | | |
| INSURANCE CO. | : | Electronically Filed |
| Defendants | | |

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF
## AND INJUNCTIVE RELIEF TO STAY ARBITRATION
## AGAINST AMERITAS LIFE INSURANCE CORP.

Plaintiff, Ameritas Life Insurance Corp. ("Ameritas"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 et seq. and for Injunctive Relief states as follows:

### I.    THE PARTIES

1.    Plaintiff, Ameritas, is a Nebraska domestic stock insurance company with a principal place of business in Lincoln, Nebraska and is authorized to do business in the Commonwealth of Pennsylvania.

2.    Defendant ACE American Insurance Co. is a business corporation incorporated in the Commonwealth of Pennsylvania with a principal place of business at 436 Walnut St, Philadelphia, PA 19106.

3.    Defendant ACE Property and Casualty Insurance Co. is a business corporation incorporated in the Commonwealth of Pennsylvania with a principal place of business at 436 Walnut St, Philadelphia, PA 19106.

2206531.1

## II.   JURISDICTION AND VENUE

4.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs and is between citizens of different States.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the underlying arbitration proceedings to which this declaratory judgment action relates are in this district.

6.      Ameritas brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq*.  An actual, immediate and justiciable controversy exists between the parties named with regard to a pending arbitration proceeding to which the Defendants seek to add Ameritas as a party and the claims proposed to be asserted against Ameritas in the arbitration to which this declaratory judgment action relates.

## III.   THE UNDERLYING ARBITRATION

### A.   The Agency Agreement

7.      According to the document attached as Exhibit 1 hereto, on or about January 1, 2007, ACE American Insurance Co. (referred to in the document as "Company") entered into an Agency and Claims Administration Agreement ("Agency Agreement") with a company then known as Select Benefits Group, Inc., a Utah corporation, doing business as Dental Select (referred to in the document as "Agent").   Relevant, non-confidential sections of the Agency Agreement are attached hereto as Exhibit "1". ( The entire document will be made available upon approval of a motion to file under seal.)

8.      By a Fifth Amendment to the Agency Agreement, ACE Property & Casualty Insurance Co. was added as a party to the Agency Agreement effective August 1, 2013.  See

Exh. A at Fifth Amendment.   ACE American Insurance Co. and ACE Property & Casualty

Insurance Co. are hereinafter referred to as the "ACE Companies", "ACE" or "Chubb".   Exh. 1

at Fifth Amendment.

9.      As set forth in the Agency Agreement, Select Benefits Group, Inc. was appointed

as the ACE Companies' General Agent, Underwriter and Claims Administrator with respect to a

Program defined to mean Dental and Vision Insurance Plans and Accidental Death and

Dismemberment Insurance to be underwritten by the ACE Companies and marketed and sold by

Select Benefits Group, Inc. in various states.  See Exh. 1, Section I, p.2 and Exh. A to Exh.1 at

Section I.A., p.1.

10.     Section VIII. of the Agency Agreement titled Termination includes the following

language:

> Each party to this Agreement shall have the right to terminate this
> Agreement for any reason by giving the other party written notice thereof
> at least one hundred eighty (180) days prior to the next January 1
> anniversary date of the Agreement…
> …
> It is understood that Agent has the unilateral right to move policies from
> Company to a new underwriter at any time on or after the Termination
> Date, including on or prior to the stated expiration date(s) on one or more
> policies and without compensation to Company for unearned premiums or
> lost profits arising from any early policy terminations. Agent may
> continue to write new business with Company between the Termination
> Notice Delivery Date and the Termination Date.

See Exh. 1, p. 12, Section VIII. A, p.12.

11.     Section XV of the Agency Agreement titled Third Party Beneficiaries provides as

follows:

> The provisions of this Agreement are for the sole benefit of the parties.
> Nothing in this Agreement is intended to create rights enforceable against
> any party by any so-called third party beneficiary.

See Exh. 1, Section XV, p. 16.

2206531.1

12.    Section XVI of the Agency Agreement titled Successors and Assigns states:

XVI. SUCCESSORS AND ASSIGNS

This Agreement shall be binding on the parties and their respective heirs, executors, administrators, successors and assigns. Neither party may assign its rights or obligations hereunder without the prior written consent of the other party, except that Company may assign its rights or obligations hereunder to any affiliate.

See Exh. 1, Section XVI, p.16.

13.    Section XVIII of the Agency Agreement titled Arbitration provides as follows:

XVIII. ARBITRATION

A.    In the event of a difference of opinion or of interpretation of this Agreement which cannot be resolved amicably by representatives of Company and Agent, or any dispute arising from or relating to the performance or breach of this Agreement, such differences, interpretations or disputes shall be submitted to the decision of a board of arbitration composed of two arbitrators and an umpire meeting in Philadelphia, PA.

B.    The members of the board of arbitrators shall be disinterested active or former officials of insurance or reinsurance companies or agencies. Agent and Company shall each appoint one arbitrator, and the two arbitrators shall choose an umpire before instituting the hearing. If the respondent fails to appoint an arbitrator within sixty (60) days after being requested to do so by the claimant, the latter shall also appoint the second arbitrator. If the two arbitrators fail to agree upon the appointment of an umpire within four (4) weeks after their nominations, the arbitrators may, upon mutual agreement, implement the ARIAS-U.S. Umpire Appointment Procedure to select the third arbitrator. Alternatively, each of them shall name three (3), of whom the other shall decline two (2) and the decision shall be made by drawing lots. The claimant shall submit its initial brief in twenty (20) days thereafter, and the claimant may submit a reply brief within ten (10) days after filing of the respondent's brief.

C.    The board shall make an award with regard to the custom and usage of the insurance and reinsurance business. The board shall issue its award in writing based upon a hearing at which evidence may be introduced without following strict rules of evidence but in which cross-examination and rebuttal shall be allowed. The board shall make its award within sixty (60) days following the termination of the hearing unless the parties consent to an extension. A decision by the majority of the members of the board shall become binding upon all parties to the proceeding. No party shall have a cause of action against any arbitrator for damages or

injunctive relief for any act, error or omission in conducting the proceeding.

D.      Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other party the expense of the umpire. The remaining costs of the arbitration proceeding shall be allocated by the board.

E.      This Section XVIII, Arbitration, shall survive the termination of this Agreement.

See Exh. 1 at Section XVIII, p.17-18.

14.      Section XX of the Agency Agreement titled Applicable Law states as follows:

XX. APPLICABLE LAW

This Agreement shall be governed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania without regard to the rules of conflict or choice of law provisions that would require the application of the laws of any other jurisdiction.

See Exh. 1 at Section XX, p. 18.

**B.      The Sale of Select Benefits Group, Inc.**

15.      On information and belief, in or about the Fall of 2019, the owner of Select Benefits Group, Inc. decided to explore the sale of the company to include the administration and the book of business.

16.      On information and belief, Select Benefits Group, Inc. approached the ACE Companies about purchasing the company and the ACE Companies responded that they were not interested.

17.      In December 2019, Select Benefits Group, Inc. entered into negotiations with Ameritas.

18.      The Agency Agreement includes terms for the termination of the Agreement in Section VIII, which included a right of the ACE Companies to terminate the Agency Agreement immediately if one or more events described in the Agency Agreement were to occur, which

events included the change contemplated by the transaction being negotiated between Select

Benefits Group, Inc. and Ameritas.   See Exh. 1, Section VII. Termination at subsection C.

19.     As reflected in the document attached as Exhibit 2 hereto, the ACE Companies

gave their irrevocable consent to the acquisition by Ameritas of 100% of the capital stock of

Select Benefits Group, Inc., in exchange for good and valuable consideration, as set forth in a

document titled Third Party Consent dated April 2, 2020 and signed on behalf of the ACE

Companies by the Executive Vice President.   A true and correct copy of the Third Party Consent

is attached hereto as Exhibit 2.

20.     As of April 30, 2020, after the acquisition by Ameritas of Select Benefits Group,

Inc., a Utah corporation, the Utah corporation was converted to Select Benefits Group, LLC, a

Utah limited liability company, with Ameritas as its sole member and  with management by the

Dental Select Board and Dental Select officers.

**C.     The Termination of the Agency Agreement**

21.     In accordance with the terms of the Agency Agreement, on June 22, 2020 in a

Notice of Termination letter from Select Benefits Group, LLC d/b/a Dental Select, the ACE

Companies were notified that Select Benefits Group, LLC was terminating the Agency

Agreement as of December 31, 2020 and that: "After the Termination Date, Dental Select will

exercise its right under §VIII.A to move its policies from Chubb to a new underwriter."   A copy

of the letter is attached as Exhibit 3.

22.     On information and belief, near or around October 2020 and continuing to and

beyond December 31, 2020,  disputes arose out of and/or under the Agency Agreement between

Select Benefits Group, LLC and the ACE Companies on several grounds, including the ACE

2206531.1

Companies' withholding of profit share payments due to Select Benefits Group, LLC during that period.

### D.     The Arbitration Proceedings

23.     On information and belief, after efforts at a resolution failed, by letter dated September 21, 2021, Select Benefits Group, LLC gave notice to the ACE Companies that it was invoking the arbitration clause of the Agency Agreement and set forth the nature of its post-closing claims. A true and correct copy of the letter is attached as Exhibit 4.

24.     The value of the claims of Select Benefits Group, LLC as set forth in the September 21, 2021 letter total in excess of $4 million. See Exh. 4.

25.     On information and belief, in subsequent discussions between counsel for Select Benefits Group, LLC and counsel for the ACE Companies, an agreement was reached to proceed with the arbitration through JAMS in Philadelphia.

26.     The ACE Companies submitted a Statement of Claims on April 27, 2022 asserting claims against Select Benefits Group, Inc. A copy is attached as Exhibit 5.

### E.     The Amendment to Add Ameritas as a Party

27.     On July 21, 2022, the ACE Companies submitted an Amendment seeking, inter alia, to add Ameritas as a party to the arbitration proceedings and to assert claims against Select Benefits Group, LLC and Ameritas. A copy of the Amendment is attached as Exhibit 6.

28.     In the submission, the ACE Companies state, on information and belief, that Ameritas is the sole owner of Select Benefits Group, LLC; Ameritas should be a party to the dispute; Ameritas participated in the events that gave rise to ACE's claims in ways that make Ameritas liable to ACE, and/or Ameritas holds funds which rightfully belong to ACE. See, Exh. 6.

2206531.1

29.     The ACE Companies state in their Amendment that they are incorporating the claims asserted against Select Benefits Group, Inc. and asserting them against Select Benefits Group, LLC and Ameritas.  See Exh. 6.

30.     The ACE Companies further state in their Amendment that they are asserting a claim against Ameritas "for acting in concert with Select Benefits Group, Inc. and/or Select Benefits Group, LLC to deprive ACE of net premium due to ACE."   See Exh. 6.

31.     On August 9, 2022, the ACE Companies submitted a Motion for Arbitrator's Approval of Amendment to ACE's Statement of Claims.  A true and correct copy of ACE's Motion is attached as Exhibit 7.

32.     In their Motion, without setting forth any legal or other authority, the Ace Companies seek approval to amend their Statement of Claims, *inter alia*, to add Ameritas, a nonsignatory to the Agency Agreement, as a Respondent with respect to the same claims asserted against Select Benefits Group, Inc. and/or Select Benefits Group, LLC and with respect to a new claim.   See Exh. 7.

33.     An initial conference is scheduled to take place in the JAMS arbitration on August 23, 2022, and the ACE Companies have requested that their Motion be heard at that time.

34.     Accordingly, Ameritas faces an imminent threat that the ACE Companies will force Ameritas to submit to arbitration when it has not agreed to arbitrate.

## IV.   <u>REQUEST FOR RELIEF</u>

### COUNT ONE
### (DECLARATORY RELIEF)

35.     Ameritas incorporates herein by reference the preceding paragraphs as though same were fully set forth.

36.     This Count is for Declaratory Relief under 28 U.S.C.§ 2201(a).

2206531.1

37.    Pursuant to 28 U.S.C.§ 2201(a), an actual and justiciable controversy within the Court's jurisdiction exists between the parties.

38.    Ameritas is not a party to the Agency Agreement.  See, Exh. 1. p. 2 and 23.

39.    Ameritas is not a signatory to the Agency Agreement.  See Exh. 1, p. 23.

40.    Ameritas has not asserted any claims against the ACE Companies in the arbitration proceedings.

41.    Ameritas has not consented to arbitrate any of the claims the ACE Companies seek to pursue against Ameritas.

42.    Pursuant to the Utah Revised Limited Liability Act, 48-3a-101 et seq., Select Benefits Group, LLC is an entity distinct from its member or members and  has the capacity to sue or be sued in its own name, and the law of Utah governs the liability of a member as member and a manager as manager for the liabilities of a limited liability company.  See, 48-3a-104 (a), 105, 106(2).

43.    The ACE Companies have no basis for adding Ameritas to the arbitration proceeding on any claim.

44.    Ameritas and the ACE Companies do not have an agreement to arbitrate any disputes including disputes arising under or related to the Agency Agreement.

45.    There is no jurisdiction over Ameritas in the JAMS arbitration forum.

WHEREFORE, Plaintiff Ameritas Life Insurance Corporation respectfully requests that Declaratory Judgment be entered in its favor as follows:

a.    Declaring that Ameritas is not a party to the Agency Agreement;

b.    Declaring that Ameritas is not a signatory to the Agency Agreement;

c.    Declaring that Ameritas has not consented to arbitrate any claims with the ACE Companies related to or arising out of the Agency Agreement;

2206531.1

d.      Declaring that there are no grounds for the joinder of Ameritas to the JAMS

arbitration proceedings;

e.      Declaring that the JAMS arbitration cannot proceed against Ameritas;

f.      Declaring that there is no jurisdiction over Ameritas in the JAMS arbitration

forum;

g.       Declaring and granting all such other relief to which Ameritas is entitled.

## COUNT II
## (INJUNCTIVE RELIEF)

46.     Ameritas incorporates herein by reference the preceding paragraphs as though
same were fully set forth.

47.     Defendant, the ACE Companies, have filed a Motion for Arbitrator's Approval of
Amendment to ACE's Statement of Claims in JAMS Arbitration – Philadelphia-#5450000118
seeking, inter alia, to add Ameritas as a Respondent in the proceedings.   See, Exh. 7.

48.     Counsel representing the ACE Companies in the JAMS Arbitration has requested
that the Motion by addressed at a preliminary arbitration conference meeting scheduled for
Tuesday, August 23 at 11 a.m.

49.     Ameritas seeks the entry of an Order enjoining the ACE Companies and JAMS
from proceeding with the arbitration against Ameritas.

50.     Ameritas is not a party nor a signatory to the Agency Agreement which includes
an arbitration clause and which gave rise to the arbitration proceedings.

51.     The JAMS arbitration proceeding should not proceed against Ameritas because
JAMS has no jurisdiction over Ameritas.

2206531.1

52.     An injunction should be granted in this case to protect the status quo and provide relief for Ameritas which will suffer immediate and irreparable harm, loss or damage if required to proceed with arbitration while the Court addresses the foundation question of whether Ameritas can be subjected to arbitration.

53.     Ameritas requests that this Court enter an Order prohibiting JAMS from proceeding with the arbitration against Ameritas.

54.     There exists a strong likelihood that Ameritas will prevail on the merits in this action.

55.     The benefits to Ameritas in obtaining injunctive relief outweigh any potential harm to the ACE Companies.

56.     In the absence of appropriate injunctive relief, Ameritas has no adequate remedy at law.

WHERFORE, Plaintiff Ameritas Life Insurance Corporation respectfully requests that Injunctive Relief be granted as follows:

a.      Enter an Order halting and staying the JAMS arbitration proceeding (JAMS Arbitration -Philadelphia-#5450000118) as against Ameritas;

b.      Award Ameritas reimbursement for any fees and/or costs sustained as a result of having to file this action;

c.      Grant such other and further relief as this Court may deem appropriate.

GERMAN, GALLAGHER & MURTAGH, P.C.

Date: August 19, 2022                    BY*:   /s/ Jacob C. Lehman*                     __
                                         Jacob C. Lehman, Esquire
                                         Jacqueline E. Schneiders, Esquire
                                         Attorneys for Plaintiff,
                                         Ameritas Life Insurance Corp.
                                         PA ID Nos. 306808 / 306647
                                         200 S. BROAD STREET
                                         Suite 500
                                         Philadelphia, PA 19102
                                         T:  215-545-7700
                                         F:  215-732-4182
                                         E:  lehmanj@ggmfirm.com
                                             schneidersj@ggmfirm.com

2206531.1

## **VERIFICATION**

I, Heather Anschutz, Vice President, Associate General Counsel for Ameritas Life Insurance Corp., hereby verify that I am authorized to sign the herein Verification on behalf of Plaintiff, Ameritas Life Insurance Corp.; that I am familiar with the matters set forth in the foregoing Verified Complaint of Plaintiff, Ameritas Life Insurance Corp.; and that under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief pursuant to 28 U.S. § 1746.

Date: August 19, 2022

Heather Anschutz
Vice President, Associate General Counsel
Ameritas Life Insurance Corp.